IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

v.

**SSC MONTROSE SAN JUAN OPERATING CO., LLC, SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC, AND SAVASENIORCARE, LLC D/B/A SAN JUAN LIVING CENTER,**

    Defendants.

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, to correct unlawful retaliation, and to provide appropriate relief to Lily Wiesmann and other female employees. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendants SSC Montrose San Juan Operating Co., LLC, SavaSeniorCare Administrative Services, LLC, and SavaSeniorCare, LLC, d/b/a/ San Juan Living Center subjected Wiesmann and other women employed at Defendants' San Juan Living Center to sexual harassment that was severe and/or pervasive. The EEOC also alleges that Defendants retaliated against Wiesmann by suspending her and discharging her because she opposed the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

4. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants have continuously been doing business in the State of Colorado.

6. At all relevant times, each Defendant has continuously had at least 15 employees.

7. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, the three Defendants together comprised a single employer.

   a. SavaSeniorCare Administrative Services and SSC Montrose San Juan Operating Co. are subsidiaries of SavaSeniorCare.

   b. SavaSeniorCare Administrative Services provides management services to SSC Montrose San Juan Operating Co. on behalf of SavaSeniorCare,

        including payroll and personnel services, human resources, bookkeeping, hiring, and training.

    c. SavaSeniorCare and SavaSeniorCare Administrative Services also provide employment dispute resolution services for subsidiaries like SSC Montrose San Juan Operating Co.

    d. All three defendants were involved in owning and/or operating Defendants' San Juan Living Center.

## ADMINISTRATIVE PROCEDURES

9. On August 1, 2017, more than 30 days prior to the institution of this lawsuit, Wiesmann filed a charge with the EEOC alleging violations of Title VII by the San Juan Living Center. Specifically, Wiesmann alleged she was sexually harassed and retaliated against for engaging in protected activity.

10. The EEOC provided the San Juan Living Center with notice of the charge of discrimination.

11. On about March 4, 2020, prior to issuing a letter of determination, Defendants' counsel was notified of the Commission's investigation and recommended findings.

12. On July 17, 2020, the EEOC issued letters of determination to all three defendants, finding reasonable cause they violated Title VII.

13. The EEOC's July 17, 2020 letter of determination also invited all three defendants to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. The EEOC and the Defendants were unable to reach an agreement through the conciliation process.

3

15. On August 31, 2020, the EEOC sent all three defendants a notice advising them that efforts to conciliate the charge were unsuccessful.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **GENERAL ALLEGATIONS**

17. Since at least August 2016, Defendants have engaged in unlawful employment practices based on sex in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by creating a hostile work environment for Wiesmann and other female employees at Defendants' San Juan Living Center because of their sex. During the same time period, Defendants engaged in unlawful discrimination in violation of 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Wiesmann for engaging in protected activity.

18. At all relevant times, Defendants operated a skilled nursing facility in Montrose, Colorado called the San Juan Living Center.

19. Defendants hired Wiesmann in February 2009 to work at the San Juan Living Center.

20. Beginning in at least August 2016, Defendants subjected Wiesmann to unwelcome sexual conduct on a regular basis, usually at least weekly, including, but not limited to:

    a. At least one of Defendants' clients grabbed Wiesmann's breasts and buttocks;

    b. At least one of Defendants' clients asked Wiesmann to rub his penis and play with his penis;

    c. At least one of Defendants' clients showed Wiesmann his erect penis;

    d. At least one of Defendants' clients masturbated in Wiesmann's presence;

      e. At least one of Defendants' clients made sexually suggestive comments to Wiesmann; and

      f. At least one of Defendants' clients asked Wiesmann to get naked with him in the bath.

21. Other female employees were subjected to similar sexual harassment at the San Juan Living Center, including, but not limited to:

      a. At least one of Defendants' clients grabbed female employees' breasts, vaginas, and/or buttocks;

      b. At least one of Defendants' clients asked at least one female employee to stroke his penis;

      c. At least one of Defendants' clients stuck his hand down the pants of a female employee;

      d. At least one of Defendants' clients ejaculated and then threw the ejaculate fluid at a female employee; and

      e. At least one of Defendants' clients used sexually inappropriate language to female employees.

22. During the relevant time period, the sexual harassment of Wiesmann and other female employees was widely known to employees and managers of the San Juan Living Center.

23. Wiesmann and other female employees also frequently reported the sexual harassment to management at San Juan Living Center.

24. The sexual harassment was so open, notorious, and frequent that Defendants knew or should have known about it.

25. Defendants did not take appropriate steps to prevent or remedy the harassment.

26. Instead, Defendants' managers told Wiesmann and other female employees to be nice to the residents or to treat the harassing behavior as a compliment.

27. Defendants' managers later admitted there were reasonable steps that could have been taken to prevent further harassment.

28. On or about the week of April 17, 2017, Wiesmann reported sexual harassment by a client to one of Defendants' managers.

29. The manager acknowledged that she knew about Wiesmann's report for sexual harassment.

30. On or about April 20, 2017, the same client tried to grab Wiesmann's breasts and buttocks.

31. Wiesmann tried to avoid the client, but the client persisted.

32. Later that same day, Defendants called Wiesmann to the office. When Wiesmann tried to describe the client's sexual advances, one of Defendants' managers interrupted Wiesmann and told Wiesmann to clock out and go home.

33. Wiesmann was suspended without pay from April 20, 2017 until she was discharged on April 24, 2017.

34. Defendants discharged Wiesmann on April 24, 2017.

## Count I
## Sexual harassment
## 42 U.S.C. § 2000e-2(a)

35. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

36. Since at least August 2016, Defendants have engaged in unlawful employment practices in violation of §§ 703(a), 42 U.S.C. § 2000e-2(a)(1), by subjecting Wiesmann and other female employees to a hostile work environment based on sex.

37. During the relevant time period, Defendants' clients frequently engaged in egregious sexually abusive conduct and frequently made offensive sexual comments to Wiesmann and other female employees.

38. Defendants subjected Wiesmann and other women employed at Defendants' San Juan Living Center to sexual harassment that was severe and/or pervasive.

39. The sexually abusive conduct and comments described above were unwelcome to Wiesmann and other female employees.

40. The sexual harassment of Wiesmann and other female employees was known to Defendants.

41. The sexual harassment of Wiesmann and other female employees was open, notorious, and widely known among employees at the San Juan Living Center.

42. Wiesmann and other female employees reported the sexual harassment to Defendants' managers at the San Juan Living Center.

43. Defendants knew or should have known about the sexual harassment because of the reports it received, the open and notorious nature of the harassment, the pervasiveness of the harassment, and the widespread knowledge of the harassment.

44. Defendants' managers did not take appropriate steps to prevent or remedy the sexual harassment of Wiesmann and other female employees.

45. The effect of the practices complained of in the foregoing paragraphs has been to deprive Wiesmann and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

46. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

47. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Wiesmann and other female employees.

## Count II
### Retaliation
### 42 U.S.C. § 2000e-3(a)

48. The allegations in the foregoing paragraphs are incorporated by reference.

49. Since at least April 20, 2017, Defendants have engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-3(a) by subjecting Wiesmann to adverse employment actions in retaliation for engaging in protected activity under Title VII.

50. Wiesmann engaged in protected conduct on April 17, 2017, when she reported sexual harassment to a manager at the San Juan Living Center.

51. Defendants' suspension of Wiesmann on April 20, 2017 is a materially adverse employment action.

52. Defendants' discharge of Wiesmann on April 24, 2017 is a materially adverse employment action.

53. Defendants suspended and discharged Wiesmann in retaliation for Wiesmann's protected conduct on April 17, 2017 of reporting to management the sexual harassment she was subjected to.

54. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

55. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to Wiesmann's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, attorneys and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, attorneys and all persons in active concert or participation with them, from engaging in any employment practice that retaliates against any employee for participating in protected activity under Title VII.

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all persons regardless of sex in order to eradicate the effects of Defendant's past and present unlawful employment practices.

D. Order Defendants to make Wiesmann whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendants to make Wiesmann and other female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

  E.  Order Defendants to make Wiesmann and other female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

  F.  Order Defendants to pay Wiesmann and other female employees punitive damages because they acted with the knowledge that, at minimum, there was a perceived risk that their actions violated federal law, in amounts to be determined at trial.

  F.  Grant such further relief as the Court deems necessary and proper in the public interest.

  G.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 22nd day of October 2020.

        Sharon Fast Gustafson
        General Counsel

        Robert A. Canino
        Acting Deputy General Counsel

        Gwendolyn Reams
        Associate General Counsel

        Mary Jo O'Neill
        Regional Attorney
        Phoenix District Office

        Loretta Medina
        Supervisory Trial Attorney

        Karl Tetzlaff,  
        Trial Attorney

        *s/ Lauren Duke*  
        Lauren Duke  
        Trial Attorney  
        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
        Denver Field Office  
        950 17th Street, Suite 300  
        Denver, CO 80202  
        Phone: (720) 779-3621  
        Email: lauren.duke@eeoc.gov

**PLEASE NOTE**: For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.