IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03162-RM-GPG

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Plaintiff,

v.

SSC MONTROSE SAN JUAN OPERATING CO., LLC, and
SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC,

 Defendants.

___

**ORDER**
___

 This sexual harassment and retaliation case is before the Court on Defendants' Objection (ECF No. 48) to an Order by United States Magistrate Judge Gordon P. Gallagher (ECF No. 46) setting the temporal scope of discovery in this case. Plaintiff has filed a Response (ECF No. 58), and the Court overrules the Objection for the reasons below.

**I. LEGAL STANDARDS**

 This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

Fed. R. Civ. P. 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action" and other factors.

## II.   BACKGROUND

According to the Complaint, Defendants have created a hostile work environment for female employees at their skilled nursing facility.  (*See* ECF No. 1 at 4, ¶ 17.)  One such employee was hired in February 2009, and the conduct supporting her claims allegedly began "in at least August 2016."  (*Id.* at 4, ¶ 20.)  This employee reported sexual harassment in April 2017 and was fired a week later.  The Complaint alleges that other employees experienced similar sexual harassment but does not specify the dates of the conduct supporting their claims.

After conducting an investigation, Plaintiff filed this lawsuit in October 2020.  In June 2021, the magistrate judge conducted a telephonic hearing to address issues arising out of the parties' Joint Motion for Entry of Protocol for Sources of Relevant Electronically Stored Information ("ESI") (ECF No. 41) and issued an Order setting the temporal scope of discovery to be from January 1, 2015 to January 1, 2021.

## III.   ANALYSIS

Defendants object to the temporal scope set forth in the Order.  They contend that the appropriate scope would be from May 5, 2016 to May 5, 2019, a three-year period that "encompasses the *entirety* of the alleged facts and relevant employment circumstances."  (ECF No. 48 at 2.)  Although Defendants do not believe this is an ESI-intensive case with a substantial amount of ESI, they argue it would be unnecessary and unduly burdensome to require them to collect, review, and potentially produce thousands of emails and other documents for the longer

period set by the magistrate judge.  (*Id.* at 5.)  They further contend that the longer period "may also result in tens of thousands of dollars of unnecessary discovery expenses" and "is almost certain to cause protected discovery disputes."  (*Id.* at 6.)

In response, Plaintiff argues that it has already disclosed seven aggrieved individuals and expects to identify more, and that violations are ongoing.  (ECF No. 58 at 1.)  The period of the harassment alleged by these individuals runs from 2014 until May of 2019.  (*Id.* at 2.)

Under the circumstances presented, the Court discerns no basis for finding the magistrate judge's Order is clearly erroneous or contrary to law.  Indeed, the temporal scope appears eminently reasonable given the number of aggrieved individuals and the period of alleged harassment.  And in light of Defendants' stated belief that this is not an ESI-intensive case, their stated concerns about the potential burdens commensurate with the temporal scope seem overblown.  In any event, Defendants fall well short of leaving the Court with a firm conviction that a mistake has been committed.  *See Ocelot Oil Corp.*, 847 F.2d at 1464.

IV.   **CONCLUSION**

Accordingly, the Court OVERRULES the Objection (ECF No. 48).

DATED this 13th day of August, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

3